**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **SELAM GEBRE HAILE** | **CIVIL ACTION NO. 3:26-1788** |
| | **SECTION P** |
| **VS.** | **JUDGE ROBERT R. SUMMERHAYS** |
| **U.S. IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Selam Gebre Haile,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 11]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Eritrea. She entered the United States of America on approximately November 24, 2024. [doc. # 1-2, p. 3]. Petitioner was taken into immigration custody the same day. [doc. # 1, p. 4].

[1] Petitioner's "A Number" is 249-122-177.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On October 24, 2025, an immigration judge ordered Petitioner removed to Eritrea. [doc. # 1, p. 4]. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"); her appeal is pending. *Id.*[3]

Petitioner filed this proceeding on May 26, 2026. [doc. #s 1, p. 8; 1-3, p. 5]. She claims that ICE has detained her in violation of 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*. [doc. # 1, p. 6]. She argues that ICE has deprived her of her right to liberty under the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.* She adds that ICE continues to detain her arbitrarily in violation of "the humanitarian principle of U.S. immigration law and treaty obligations." *Id.* at 7. She has no criminal history. [doc. # 1-4].

Respondents opposed the petition on July 9, 2026. [doc. # 11].

## Law and Analysis

### I. Overstay in Detention

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) (emphasis added), the Supreme Court held that if an alien is detained for six months after a *final* order of removal, and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's claim, however, is premature because her appeal before the BIA is pending and thus her order of removal is not final. *See Lopez Acosta v. Rosen*, 2021 WL 54772, at *1 (5th Cir. Jan. 6, 2021) ("Because Lopez Acosta is currently pursuing administrative remedies

---

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited August 5, 2026).

below, he is no longer subject to a final order of removal . . . ."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge, then, is not final when a timely appeal is taken to the Board.").

Under 8 U.S.C. §1101(a)(47), an "order of deportation" becomes final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Likewise, under 8 C.F.R. § 1241.1, "An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ." *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

The Court should dismiss this claim.

**II. 8 U.S.C. § 1225 Versus 8 U.S.C. § 1226**

The Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-Mendez*, 166 F. 4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: she is detained under Section 1225. Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum."

Under Section 1225(b)(1)(B)(iii)(IV) (emphasis added), "Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Under section 1225(b)(2)(A) (emphasis added), "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

Plainly, Section 1225 does not authorize release on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to bond or a bond hearing. The Court should dismiss her ostensible statutory claim accordingly.

**III. Due Process**

Petitioner suggestively claims that the Due Process Clause entitles her to a bond hearing.

In *Dzheison Ford v. Timothy Ducote, et al.*, 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.
>
> In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory

> detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.
>
> Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.
>
> The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."
>
> Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process.").[4] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. On October 24, 2025, an immigration judge ordered Petitioner removed. [doc. # 1, p. 4]. Petitioner appealed the removal order to the BIA; her appeal is pending. Petitioner's appeal will likely extend her detention until the BIA decides the appeal. Petitioner's detention will likely end (i) when her order of removal becomes final (if the BIA affirms the order of removal or dismisses

---

[4] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

Petitioner's appeal) and the Government removes her or (ii) if the BIA rules in Petitioner's favor.

Accordingly, the Court should deny Petitioner's claim. Petitioner may of course re-file this claim if her detention becomes indefinite or potentially permanent.

**IV. *Sosnava Rodriguez***

Respondents state that Petitioner may be entitled to relief under *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *7 (5th Cir. July 2, 2026). [doc. # 11]. After Respondents filed their response, however, the Fifth Circuit vacated the panel opinion in *Rodriguez v. Ortega*. *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026). Thus, Respondents' contentions surrounding *Sosnava Rodriguez* are moot.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Selam Gebre Haile's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 6th day of August, 2026.

Kayla Dye McClusky
United States Magistrate Judge